UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE ANDREW TODIE,

                Plaintiff,

-against-

BRONX III PAROLE DIVISION ENTIRE STAFF ON 7/28/21; BRONX REGIONAL MANAGER KNIGHT; BRONX D.A. INVESTIGATOR INGEN; NYPD 40TH PRECINCT,

                Defendants.

22-CV-2758 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. By order dated August 22, 2022, the Court dismissed the complaint, wherein Plaintiff sought to bring criminal charges against Defendants, for failure to state a claim. (ECF No. 11.) Because Plaintiff stated that he was only seeking criminal prosecution and imprisonment of Defendants, and such relief is not available as a matter of law, the Court determined that amendment of those claims would be futile. (*Id.*) In an abundance of caution, however, the Court granted Plaintiff 60 days' leave to file an amended complaint. (*Id.*) Plaintiff did not file an amended complaint, and on October 28, 2022, the Court entered a civil judgment dismissing the action. (ECF No. 12.)

    On December 14, 2022, Plaintiff filed a Notice of Motion, (ECF No. 13), and a Declaration, (ECF No. 14), challenging the August 22, 2022, dismissal order and October 28, 2022, civil judgment. In his submissions, Plaintiff continued to accuse Defendants of engaging in criminal activity.

    By order dated March 13, 2023, the Court denied Plaintiff's motion and directed the Clerk of Court to accept no further documents from Plaintiff except for documents directed to the

United States Court of Appeals for the Second Circuit. (ECF No. 16.) That order further advised Plaintiff that if he files other documents that are frivolous or meritless, the Court may direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action. (*Id.*)

On May 30, 2023, Plaintiff filed a "T.R.O." (ECF No. 18). In that submission, Plaintiff writes,

> The above indexed complaint is in the process of being Amended to perfection. Prior to that, Petitioner moves now, due to the severity of injuries he sustained by captioned defendants, for a Temp Restraining order. said order would be in good faith to ensure petitioner's well being for the duration of the complaint.

(ECF No. 18 at 1.)[1]

For the reasons set forth below, the Court denies Plaintiff's request for injunctive relief.

To obtain injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's complaint was dismissed on October 28, 2022, and his subsequent motion for reconsideration was denied on March 13, 2023 (ECF Nos. 12. 16.) The

---

[1] The Court quotes the complaint verbatim. All grammar, spelling and punctuation are as in the original.

Court therefore finds that Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for injunctive relief is denied.

## CONCLUSION

Plaintiff's request for injunctive relief (ECF No. 18) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court may direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 15, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge